**LI QUN SHI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 02–4646–ag.

United States Court of Appeals, Second Circuit.

Nov. 5, 2007.

Tao Lin, Caesar & Napoli, New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney, Northern District of Illinois, Craig Oswald, Pierre Talbert, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. WALKER, and Hon. B.D. PARKER Circuit Judges.

### SUMMARY ORDER

Petitioner Li Qun Shi, a native and citizen of China, seeks review of the October 1, 2002 order of the BIA affirming the October 4, 1999 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his application for asylum and withholding of deportation. *In re Li Qun Shi*, No. A73 162 398 (B.I.A. Oct. 1, 2002), *aff'g* No. A73 162 398 (Immig. Ct. N.Y. City, Oct. 4, 1999). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 116 (2d Cir.2007).

Shi asserts that he is eligible for asylum on account of the sterilization procedure that his wife was forced to undergo following the birth of the couple's second child in 1988. It is unnecessary to examine the IJ's credibility findings in connection with this claim because even if such findings were flawed, remand would be futile. *See Zhong,* 480 F.3d at 117. We can predict with confidence that the agency would reach the same result upon reconsideration of petitioner's claim. *See id.*

Pursuant to our recent decision in *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 314 (2d Cir.2007) (en banc), Shi is not *per se* eligible for asylum based on his wife's alleged forced sterilization. Nor has Shi demonstrated a well-founded fear of persecution in his home province of Fujian based solely on the fact that he fathered two children in China. The BIA recently held that in order for an alien who fathered two children in China to establish eligibility for asylum, he must: (1) provide details about the planned birth policy as it exists in his local area of China; (2) demonstrate that he violated that policy; and (3) demonstrate that any sanctions for the violation would rise to the level of persecution. *See In re J–H–S–,* 24 I. & N. Dec. 196, 201 (BIA 2007). Even assuming the truth of Shi's testimony that family planning officials forced his wife to be sterilized 19 years ago, Shi has not demonstrated that he faces persecutory sanctions on account of a violation of the planned birth policy in Fujian, China.

*Shi Liang Lin* also clarified that the spouse of a person who has been forced to undergo sterilization may qualify for refugee status if he or she demonstrates past persecution or fear of future persecution based on "other resistance to a coercive population control program." 494 F.3d at 314; *see also* 8 U.S.C. § 1101(a)(42). In his testimony before the

IJ, petitioner alleged that he quarreled with family planning officials when they insisted he pay a fine to enroll his second child in school, and that the authorities wanted to arrest him as a result of the quarrel. We do not decide whether such conduct could qualify as other resistance because substantial evidence supports the IJ's determination that petitioner's testimony with respect to the quarrel was not truthful. Notably, Shi did not disclose the incident in his asylum application or the attached written statement. The omission is significant in light of Shi's later testimony that the quarrel and ensuing threat of arrest motivated his flight from China. Further, Shi has not challenged the IJ's findings regarding this aspect of his testimony and he has offered no explanation for the omission in his application.

Finally, Shi's contention that the BIA erred by affirming the IJ's decision without opinion is without merit. *See Kambolli v. Gonzales,* 449 F.3d 454, 463 (2d Cir. 2006).

Because Shi was unable to show the objective likelihood of persecution needed to support an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of deportation. *Cf. Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.